# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY SALYER,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　) No. 11-268
　　　　　　　　　　　　　　　　　　)
　　　v.
　
MICHAEL J. ASTRUE,
Commissioner of Social
Security,

　　　Defendant.

## OPINION AND ORDER

### SYNOPSIS

Before the Court are the parties' cross-motions for summary judgment. Plaintiff contends that the ALJ improperly considered Plaintiff's credibility and the opinions of his treating medical providers. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

Plaintiff seeks review of the August 27, 2010 final decision of the Commissioner of Social Security ("Commissioner"), denying him benefits for Disability Insurance and Supplemental Security Income under Titles II and XVI of the Social Security Act. Plaintiff applied for benefits on January 26, 2009. His claim was initially denied by the state agency, and subsequently by the Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review of the ALJ's decision. This appeal followed.

I.   **APPLICABLE STANDARDS**

   **A.  Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). If the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). After reviewing the entire record, a district court may affirm, modify, or reverse the decision with or without remand for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

### B. Disability Standards

Evaluating the disability status of a claimant involves a five-step sequential analysis. 20 C.F.R. § 416.920. When conducting such an evaluation, the ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

## II. MOTIONS FOR SUMMARY JUDGMENT

In this case, Plaintiff does not contend that the ALJ failed to consider certain evidence; he claims, instead, that he failed to properly consider certain evidence relating to his chronic complaints of hip pain, and a single finding by a consulting psychologist. I will address each contention in turn,

### A. Pain Complaints

First, Plaintiff argues that the ALJ erred when he failed to credit his complaints, and failed to consider medical documentation of impairments that could be expected to cause chronic

3

pain. The objective medical findings, according to Plaintiff, support chronic hip pain. At issue here are the following conclusions reached by the ALJ:

> \*\*\*
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
> \*\*\*
> Although claimant's subjective complaints may have some merit, the totality of the supporting medical evidence does not provide clinical correlation of his symptomology to the degree of debility alleged with objective findings on examination.

The assessment to which the ALJ referred concluded that Plaintiff was able to perform light work and sedentary work, including sitting for up to six hours and standing and/or walking for a total of six hours in an eight-hour workday.

As Defendant points out, in the first instance, the ALJ did not fail to entirely credit Plaintiff's pain complaints. In April, 2009, the consultative evaluator, based on a "virtually normal physical examination," opined that Plaintiff was capable of lifting 50 pounds frequently, and up to 100 lbs. occasionally, and that he could walk and/or stand for up to six hours in an eight-hour workday, with no limitations regarding sitting. The ALJ, however, considered the Plaintiff's long-standing history of bilateral hip problems, and concluded that a more restrictive RFC was warranted. In other words, he partially credited Plaintiff's complaints. Instead, he found them not credible only to the extent that they were inconsistent with the ability to perform light or sedentary work.

"Allegations of pain and other subjective symptoms must be supported by objective medical evidence." Hartranft v. Apfel, 181 F.3d at 362. Thus, an ALJ need not fully credit a

4

complainant's testimony about his pain; he must, instead, "take care to address such evidence in the course of his findings." Smith v. Astrue, 359 Fed. Appx. 313, 317 (3d Cir. 2009). More specifically, "[i]n order for an ALJ to reject a claim of disabling pain, he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990). If the ALJ concludes that pain complaints are not credible, "the basis for such a conclusion must be indicated in his or her decision." Akers v. Callahan, 997 F. Supp. 648, 653 (W. D. Pa. 1998).

In support of his appeal, Plaintiff points to several physicians' records of his pain complaints, and to the fact that those physicians attempted to help him seek pain relief. These, however, are no more than recordings of Plaintiff's subjective reports. "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them …." Hatton v. Comm'r, 131 Fed. Appx. 877, 879 (3d Cir. 2005) (citing Craig v. Chater, 76 F. 3d 590 (4th Cir. 1996)). Likewise, Plaintiff's ongoing efforts to seek pain relief are not medical evidence that was improperly ignored. Indeed, Plaintiff points to no objective medical findings, other than restating his pain complaints, which are inconsistent with the ALJ's conclusion.

Here, the ALJ explained the reasons for his conclusion that the record did not support Plaintiff's claims of disabling pain. Plaintiff does not assert that the medical records recited were in any way incomplete -- they included, for example, that Plaintiff appeared to have recovered successfully from a left hip arthroscopy; that physicians had not indicated a current need for hip replacement; that physicians had found intact motor strength and sensation; and that a treating physician had noted no significant motor dysfunction. Another noted that there was no discomfort with hip flexion, extension, and rotation. Under applicable standards of limited

5

review, the ALJ's decision to partially credit Plaintiff's pain complaints was supported by substantial evidence.

### B. Consulting Psychologist

Next, Plaintiff asserts that the ALJ improperly failed to credit the observation of a consulting psychologist, regarding a "marked limitation regarding stress tolerance," and substituted his own medical judgment for that of the evaluator. The evaluator indicated, on a checklist, a "marked" limitation in ability to respond appropriately to work pressures, based on the "medical/clinical findings" of Plaintiff's "chronic pain; adjustment disorder." The ALJ did not fully reject the conclusion of a "marked" limitation—instead, he declined to assign it significant weight, as not fully supported by the record. As discussed above, the ALJ properly chose to partially, and not fully, credit Plaintiff's chronic pain complaints, on which the consulting provider's conclusion was in turn partially based. The body of the psychologist's report contains no information that is inconsistent with the ALJ's conclusion. Thus, the grounds for his failure to accord significant weight to the opinion of a marked limitation are sufficiently articulated in his opinion, and that failure was supported by substantial evidence.

## CONCLUSION

While I empathize with Plaintiff's situation, applicable standards and my limited role of review constrain me to conclude that the ALJ's conclusions were supported by substantial evidence of record, and that he adequately reviewed the record as a whole. Thus, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 3rd day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment [10] is DENIED, and Defendant's Motion for Summary Judgment [12] is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court